# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DELK, | ) 1:06-cv-00748-LJO-TAG HC |
|           Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| | ) SHOULD NOT BE DISMISSED FOR |
|    v. | ) FAILURE TO COMPLY WITH THE STATUTE |
| | ) OF LIMITATIONS |
| | ) |
| KAREN PROSPER, Warden, | ) |
| | ) |
|           Respondent. | ) |
| | ) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on June 14, 2006.  (Court Doc. 1).  It raises four grounds for relief:  (1) ineffective assistance of trial counsel because counsel failed to file motions on behalf of Petitioner and failed to get a reduced charge from the prosecution or request a jury trial on the prior "strike" charge; (2) denial of due process because Petitioner claims he was not told his sentence could be doubled because of a prior "strike" conviction; (3) use of the prior strike conviction violates federal double jeopardy principles; and (4) the evidence did not support his conviction for transportation of illegal drugs.  (Doc. 1, pp. 4-5).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

///

1

1    Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules

2    governing § 2254 Cases.

3         The Ninth Circuit has held that a district court may raise the statute of limitations *sua*

4    *sponte* and dismiss the petition on those grounds.  Herbst v. Cook, 260 F.3d 1039, 1042-1044

5    (9th Cir. 2001) (indicating that once a petitioner is given adequate notice and opportunity to

6    respond to allegations that his petition is subject to dismissal pursuant to AEDPA's statute of

7    limitations, petitioner has the burden of providing an adequate response).

8         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

9    of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas

10   corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059,

11   2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118

12   S.Ct. 586 (1997).  The instant petition was filed on June 14, 2006; thus, it is subject to the

13   provisions of the AEDPA.

14        The AEDPA imposes a one year period of limitation on petitioners seeking to file a

15   federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244,

16   subdivision (d) reads:

17        (1)  A 1-year period of limitation shall apply to an application for a writ of
          habeas corpus by a person in custody pursuant to the judgment of a State court.
18        The limitation period shall run from the latest of –

19            (A) the date on which the judgment became final by the conclusion of
          direct review or the expiration of the time for seeking such review;
20
              (B) the date on which the impediment to filing an application created by
21        State action in violation of the Constitution or laws of the United States is
          removed, if the applicant was prevented from filing by such State action;
22
              (C) the date on which the constitutional right asserted was initially recognized
23        by the Supreme Court, if the right has been newly recognized by the Supreme Court and
          made retroactively applicable to cases on collateral review; or
24
              (D) the date on which the factual predicate of the claim or claims
25        presented could have been discovered through the exercise of due diligence.

26        (2) The time during which a properly filed application for State post-
          conviction or other collateral review with respect to the pertinent judgment or
27        claim is pending shall not be counted toward any period of limitation under this
          subsection.
28

1    28 U.S.C. § 2244(d).

2          Here, Petitioner asserts that he was convicted on April 29, 2001, in the Tulare County

3    Superior Court.  (Doc. 1, p. 1).  Petitioner does not allege that he ever filed a direct appeal from

4    his plea of nolo contendere.  (Doc. 1, pp. 2-3).  Subsequently, on December 19, 2005, Petitioner

5    initiated a state habeas petition in the California Court of Appeal, Fifth Appellate District ("5th

6    DCA"), which was denied on December 29, 2005.  Shortly thereafter, Petitioner initiated two

7    habeas petitions in the California Supreme Court, which were denied in February, 2006.

8          Because Petitioner never appealed his original conviction from his plea of nolo

9    contendere, his conviction would have become final sixty days after judgment, or on June 28,

10   2002.  Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)(if petitioner does not appeal his

11   conviction, conviction becomes final on date on which the time for filing appeal expired); see

12   Lewis v. Mitchell, 173 F.Supp. 2d 1057, 1060 (C.D. Cal. 2001); Cal. Rules of Court, rule 31(d).

13   Petitioner would then have one year from June 28, 2002, or until June 28, 2003, absent

14   applicable tolling, in which to file his federal petition for writ of habeas corpus. The instant case

15   was not filed until June 14, 2006, a period of almost three years *after* the limitations period

16   would have expired.

17         Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

18   application for State post-conviction or other collateral review with respect to the pertinent

19   judgment or claim is pending shall not be counted toward" the one year limitation period.  28

20   U.S.C. § 2244(d)(2).  See Carey v. Saffold, 536 U.S. 214 (2002) (the Court held that a petitioner

21   is normally entitled to one "full round" of collateral review in state court without federal

22   interference.  While the "full round" is properly in progress, the AEDPA's one-year statute is

23   tolled).  Welch v. Carey, 350 F.3d 1079 (9th Cir. 2003).

24         The form petition alleges that Petitioner did initiate a round of state habeas proceedings

25   on December 19, 2005.  However, at that point, the AEDPA's one-year statute of limitations had

26   long since expired; thus, the state habeas proceedings had no statutory tolling effect.  Green v.

27   White, 223 F.3d 1001, 1003 (9th Cir. 2000)(Petitioner not entitled to tolling where limitations

28   period already had expired prior to filing state habeas proceedings); see Webster v. Moore, 199

3

1   F.3d 1256, 1259 (11th Cir. 2000)(same); <u>Jackson v. Dormire</u>, 180 F.3d 919, 920 (9th Cir.

2   1999)(petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of one-

3   year limitations period).

4   　　　　However, even, arguendo, had the limitations period not already expired, the California

5   Supreme Court denied both state habeas petitions based on the lengthy delay in filing them and

6   because they raised issues that could have been raised in a direct appeal.[1]  Thus Petitioner would

7   not have been entitled to statutory tolling under § 2244(d)(1) in any event.

8   　　　　Accordingly, the Court HEREBY ORDERS:

9   　　　　1.　Petitioner is GRANTED THIRTY (30) days from the date of service of this Order, to

10  　　　　　　SHOW CAUSE why the Petition should not be dismissed for failing to comply with

11  　　　　　　the one-year limitations period.

12  　　　　Petitioner is forewarned that his failure to comply with this order will result in a

13  Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

14

15  IT IS SO ORDERED.

16  Dated:　**November 21, 2007**　　　　　　　　　　　**/s/ Theresa A. Goldner**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25  　　　[1]Although Petitioner did not provide details and information regarding these state habeas petitions, the Court has determined from the official electronic database of the California Courts that the state supreme court had
26  denied both of Petitioner's state habeas petitions citing <u>In re Robbins</u>, 18 Cal. 4th 770 (1998); <u>In re Swain</u>, 34 Cal. 2d 300 (1949), <u>In re Clark</u>, 5 Cal.4th 750 (1993), and <u>In Re Dixon</u>, 41 Cal.2d 756 (1953).  Thus, Petitioner's state
27  habeas proceedings were procedurally barred and cannot therefore be considered "properly filed" under the AEDPA for purposes of statutory tolling.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)(time limits are "filing" conditions
28  for AEDPA, and where state court rejects petition as untimely, it was not "properly filed" under AEDPA and petitioner is thus not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2)).