UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK DELK, | 1:06-cv-00748 LJO-TAG (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR |
| vs. | FAILURE TO PROSECUTE |
| WARDEN KAREN PROSPER, | (DOCUMENT #7) |
| Respondent. | OBJECTIONS, IF ANY, DUE IN 20 DAYS |

Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 26, 2007, the Court issued an Order to Show Cause why the Petition should not be dismissed for failure to comply with the statute of limitations. (Doc. 6). The Order to Show Cause was served on Petitioner by mail on November 26, 2007. (Docket entry dated November 26, 2007). On December 6, 2007, the Order to Show Cause served on Petitioner was returned by the U.S. Postal Service as undeliverable.

Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a [petitioner] in propria persona by the Clerk is returned by the U.S. Postal Service, and if such [petitioner] fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

1

In the instant case, sixty (60) days have passed since Petitioner's mail was returned and he has not notified the Court of a current address.

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since June 14, 2006. (Doc. 1). The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address.

The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed for Petitioner's failure to prosecute.

These Findings and Recommendations are submitted to the Honorable Lawrence J. O'Neill, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and

1  filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.
2  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
3  (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the
4  District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.
7  Dated:   **February 22, 2008**                                             **/s/ Theresa A. Goldner**
                                                                              UNITED STATES MAGISTRATE JUDGE